(No. 36276.—

DEBORA GORDON, Appellee, *vs.* THE VILLAGE OF SKOKIE
*et al.,* Appellants.

*Opinion filed March 29, 1961.*

BERNARD P. HARRISON, Corporation Counsel, of Skokie,
for appellants.

GILBERT GORDON, MARVIN J. GLINK, and EDWARD A.
WARMAN, all of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

This is an appeal from a declaratory judgment holding
invalid an ordinance of the village of Skokie providing for
the election on April 4, 1961, of three trustees for a term
of four years and directing the corporate authorities to
conduct an election on said date at which six trustees shall
be elected for a term of four years. Our jurisdiction on
direct appeal is based on the certificate of the trial judge
that the validity of a municipal ordinance is involved and
that the public interest requires a direct appeal.

The controversy arises from the fact that the Revised

Cities and Villages Act contains different provisions for village elections based upon whether the population of the village is more or less than 50,000, and the fact that Skokie has recently surpassed the 50,000 figure in population.

Section 9—77, (Ill. Rev. Stat. 1959, chap. 24, par. 9—77) insofar as it deals with the election of village trustees, reads:

"The election for trustees in villages of 50,000 or more inhabitants shall be held on the first Tuesday in April, 1945, and on the first Tuesday of April of each fourth year thereafter. An election for trustees in villages and incorporated towns of less than 50,000 inhabitants shall be held on the third Tuesday in April of each odd numbered year, except as provided in Section 9—78. When such villages of less than 50,000 inhabitants have provided for a two year term for elective officers under section 9—9, the first general election for trustees shall be held on the third Tuesday of April of the next odd numbered year following the referendum at which the terms of the elective officers were reduced. In such villages, general elections shall be held annually thereafter on the third Tuesday of April."

Prior to 1958, the village of Skokie had a population of less than 50,000 and every two years had elected three trustees for a term of four years each. A special Federal census, conducted in 1958, showed a population in the village of 52,147, and, on August 25, 1958, the Secretary of State certified the number of inhabitants to be 52,147.

Pursuant to a municipal ordinance, an election was held on April 7, 1959, at which three trustees were elected for a four-year term. So far as the record discloses, no question was raised at that time as to the propriety or validity of this procedure.

On August 9, 1960, the village adopted an ordinance providing for a regular election of officers on April 4, 1961, at which there should be elected a president, three trustees, and a village clerk, each for a term of four years. There-

after plaintiff commenced this action, claiming that the ordinance is in violation of the provisions of the Revised Cities and Villages Act. The trial court found the ordinance void and directed that six trustees, rather than three, should be elected on April 4, 1961.

Both parties agree that the attainment by Skokie of a population of 50,000 requires a change from a system whereby three trustees were elected every two years to one under which six trustees will be elected every four years, but they differ as to the method of effecting the transition from one system to the other. Defendant argues that the three trustees elected in 1959 were elected for terms of four years and that these terms should not now be cut down to two years. Rather, defendant says, these trustees should be allowed to complete their terms, which expire in 1963, at which time three trustees can be elected for terms of two years, and then, in 1965, the full board of six trustees can be elected for terms of four years. Plaintiff contends, on the other hand, that, since Skokie achieved a population of 50,000 in 1958, it thereby became subject to the provisions of the law applicable to villages of that population, under which trustees are to be elected in 1961 and every four years thereafter. Plaintiff contends that even though the three trustees elected in 1959 were purportedly elected for four years, they could properly, and in legal effect actually were, elected for only two years, and that six trustees should now be elected in 1961.

We agree with plaintiff's contention and with the judgment of the trial court that the statute requires the election of all six trustees in 1961. Section 1—9 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1959, chap. 24, par. 1—9) states that when any provision of the act is based upon population, the number of inhabitants of the municipality is determined by reference to the latest census taken by authority of the United States or this State, or of that municipality. The section further requires the Secretary of

State, upon the publication of any State or Federal census, to certify to each municipality the number of inhabitants as shown by that census, and provides that courts shall take judicial notice of the population of any municipality, as it appears from the latest Federal, State, or municipal census so taken. Thus, upon the taking of the special Federal census in 1958 and the certification of the result thereof showing the population of Skokie to be 52,147, the village became subject to those provisions of section 9—77 which relate to elections in villages having a population of 50,000 or more. These provisions require a municipal election in 1961 and every fourth year thereafter. There is no statutory authority for an election in 1963, which would be required under defendants' theory of the case. While it is regrettable that the statute does not spell out with a greater degree of particularity the method of effecting the transition from biennial to quadrennial elections when a village attains a population of 50,000, and while the confusion on the part of the corporate authorities is understandable, we believe that the judgment of the trial court must be affirmed in order to place the village in full compliance with the statutory mandate requiring quadrennial elections commencing with the year 1961.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*